IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARSHA W.,[1]	6:17-cv-02012-BR

    Plaintiff,	OPINION AND ORDER

v.

Commissioner, Social
Security Administration,

    Defendant.

ROBYN M. REBERS
P.O. Box 3530
Wilsonville, OR 97070
(503) 871-8890

    Attorney for Plaintiff

---

[1] In the interest of privacy and pursuant to the recommendation of the Judicial Conference of the United States, this Opinion and Order uses only the first name and the initial of the last name of the nongovernmental parties. The same designation will be used to identify nongovernmental family members named in this case.

1 - OPINION AND ORDER

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**LEISA A. WOLF**
Social Security Administration
Office of the General Counsel
701 Fifth Avenue
Suite 2900 M/S 221A
Seattle, WA 98104-7075
(206) 615-3621

       Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff Marsha W. seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) under Titles XVI and II of the Social Security Act.

For the reasons that follow, the Court **REVERSES** the Commissioner's decision and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for the immediate calculation and award of benefits.

## ADMINISTRATIVE HISTORY

Plaintiff filed applications for DIB and SSI on December 2, 2013, alleging a disability onset date of April 13, 2011. Tr. 231, 234.[2] The applications were denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on May 20, 2016. Tr. 43-88. At the hearing Plaintiff was represented by an attorney. Plaintiff and a vocational expert (VE) testified at the hearing.

The ALJ issued a decision on September 30, 2016, in which she found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 18-37. Pursuant to 20 C.F.R. § 404.984(d) that decision became the final decision of the Commissioner on November 30, 2017, when the Appeals Council denied Plaintiff's request for review. Tr. 1-6. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).


## BACKGROUND

Plaintiff was born on November 17, 1959. Tr. 231. Plaintiff was 56 years old at the time of the hearing. Plaintiff graduated from high school and has some college. Tr. 49. Plaintiff has past relevant work experience as a grocery-store department manager and a customer-service representative.

---

[2] Citations to the official transcript of record filed by the Commissioner on May 3, 2018, are referred to as "Tr."

3 - OPINION AND ORDER

Tr. 35.

Plaintiff alleges disability due to fibromyalgia, knee arthritis, obesity, depression, headaches, cervical and lumbar degenerative disc disease, and asthma. Tr. 31.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 21-28.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are

4 - OPINION AND ORDER

supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). "It is more than a mere scintilla [of evidence] but less than a preponderance." *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

**DISABILITY ANALYSIS**

I.  **The Regulatory Sequential Evaluation**

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairments or combination of impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a

regular and continuing basis despite her limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1),

416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since her April 13, 2011, alleged onset date. Tr. 21.

At Step Two the ALJ found Plaintiff has the severe impairments of degenerative disc disease of her cervical spine and lumbar spine, degenerative joint disease of the knee and shoulder, "a history of adhesive capsulitis and bursitis in the shoulder," sleep apnea, fibromyalgia, and morbid obesity. Tr. 21. The ALJ found Plaintiff's impairments of asthma and depression are not severe.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 29. The ALJ found Plaintiff has the RFC to perform light work except Plaintiff "can only stand and/or walk for four hours in an eight-hour workday"; can occasionally reach overhead, balance, stoop, kneel, crouch, crawl, and climb; and must avoid concentrated exposure to extreme cold, vibrations, moving machinery, and unprotected heights. Tr. 30.

At Step Four the ALJ concluded Plaintiff cannot perform her past relevant work. Tr. 35.

8 - OPINION AND ORDER

At Step Five the ALJ found Plaintiff can perform the job of laundromat manager that exists in significant numbers in the national economy. Tr. 36. Accordingly, the ALJ found Plaintiff is not disabled.

**DISCUSSION**

Plaintiff contends the ALJ erred when she (1) partially rejected Plaintiff's testimony; (2) gave "minimal weight" to the opinion of examining psychologist Peter LeBray, Ph.D.; (3) did not include all of Plaintiff's functional limitations in the ALJ's assessment of Plaintiff's RFC; and (4) found at Step Five that Plaintiff can perform jobs that exist in significant numbers in the national economy.

**I.    The ALJ erred at Step Five.**

The ALJ found at Step Five that Plaintiff can perform the job of laundromat manager.

The Commissioner has the burden at Step Five to demonstrate that the claimant can perform work that exists in "significant numbers" in the national economy by taking into account the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1560(b)(3), 42 U.S.C. § 423(d)(2)(A). The Commissioner may satisfy this burden by obtaining testimony from a VE or by reference to the Medical-Vocational Guidelines at 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids").

9 - OPINION AND ORDER

An ALJ may rely on the Grids rather than seek VE testimony only when the Grids "completely and accurately represent a claimant's limitations." *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999). The Grids "completely and accurately" represent a claimant's limitations only when the claimant retains the ability to perform "the full range of jobs in a given [exertional] category, *i.e.*, sedentary work, light work, or medium work." *Id.*

When the Grids do not completely and accurately represent a claimant's limitations, the ALJ must call on a VE. The ALJ then has an affirmative duty to determine whether the VE's testimony diverges from the DOT. *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007). When the VE's testimony diverges from the DOT, the ALJ must ask the VE for an explanation of the apparent conflict. *Id*. "To deviate from the DOT classification, an ALJ 'may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation.'" *Tommasetti v. Astrue*, 533 F.3d 1035, 1042 (9th Cir. 2008)(quoting *Johnson v. Shalala*, 60 F.3d 1428, 1436 (9th Cir. 1995)).

Here the ALJ took VE testimony and also applied the Grids. Plaintiff, however, contends the ALJ misapplied the rules of the Grids. Specifically, Plaintiff asserts the ALJ misapplied Rule 202.07 of the Medical-Vocational Rules at 20 C.F.R. Part 404,

10- OPINION AND ORDER

Subpart P, Appendix 2, by failing to consider the effect of Rule 202.00(c), which, according to Plaintiff, directs a finding of disability as of Plaintiff's 55th birthday.

Plaintiff concedes Rule 202.07 "generally directs a finding of not disabled" when, as here, a claimant is of advanced age (over 55 years old), is a high-school graduate, has transferrable skills, and is limited to sedentary work. Plaintiff, however, notes Rule 202.00(c) qualifies Rule 202.07 as follows:

> [F]or individuals of advanced age who can no longer perform vocationally relevant past work and . . . who have only skills that are not readily transferable *to a significant range of semi-skilled or skilled work* that is within the individual's functional capacity, or who have no work experience, the limitations in vocational adaptability represented by functional restriction to light work *warrant a finding of disabled*.

Emphasis added.

At the hearing the VE testified Plaintiff had skills that were transferrable to one job: laundromat manager. Tr. 85. Plaintiff asserts a finding of disabled is directed by Rule 202.00(c) because a single occupation is not a "significant range of . . . work." Plaintiff relies on *Lounsburry v. Barnart*, 468 F.3d 1111 (9th Cir. 2006), to support her position.

In *Lounsburry* the plaintiff applied for DIB. At the hearing before the ALJ the VE testified the plaintiff had skills that transferred to one job with 65,855 positions nationally. 468 F.3d at 1113. On that basis the ALJ found the plaintiff was not

11- OPINION AND ORDER

disabled. The plaintiff appealed on the ground that the ALJ erred when he failed to consider the effect of Rule 202.00(c). The trial court affirmed the Commissioner, and the plaintiff appealed to the Ninth Circuit. The Ninth Circuit noted Rule 202.07 applied to the plaintiff's case, but concluded "the ALJ misapplied Rule 202.07 by failing to consider fully the effect of Rule 202.00(c)." *Id*. at 1116. The Ninth Circuit explained:

> Footnote (2) to Rule 202.07 explicitly incorporates language from Rule 202.00(c) that expands the circumstances under which claimants with transferable skills can be found disabled . . . . Under Rule 202.00(c), although [the plaintiff] has some transferable skills, she will be disabled if those skills "are not readily transferable to a significant range of semi-skilled or skilled work."

*Id*. at 1116-17 (quoting rule 202.00(c)). The Ninth Circuit, therefore, addressed "the meaning of the phrase 'significant range of work'" in Rule 202.00(c). The court rejected the Commissioner's assertion that "the term 'work' refers to individual jobs, and the phrase 'significant range' only requires [the plaintiff] to adjust to other work existing in significant numbers in the national economy" in as few as one occupation. *Id*. at 1117. The Ninth Circuit explained:

> [T]he term "work" under Rule 202.00(c) means distinct occupations, and "significant numbers" is no substitute for and cannot satisfy the plain language of Rule 202.00(c) requiring a "significant *range* of . . . work."

*Id*. (emphasis in original). The court, therefore, construed "the

12- OPINION AND ORDER

phrase 'significant range of . . . work' in Rule 202.00(c) to require a significant number of *occupations*." *Id*. (emphasis added). The Ninth Circuit concluded Rule 202.00(c) directed a finding of disabled for the plaintiff because the record established the plaintiff's "skills would transfer to precisely one occupation at her [RFC]." *Id*. Accordingly, the Ninth Circuit reversed the trial court, found the plaintiff to be disabled, and remanded the matter to the Commissioner for the immediate payment of benefits.

Here, as in *Lounsberry*, the VE found Plaintiff's skills transferred to only one job: laundromat manager. As the Ninth Circuit noted, a single occupation is not "a range of work" as required by Rule 202.00(c). The Court, therefore, concludes Rule 202.00(c) directs a finding that Plaintiff is disabled.

Accordingly, on this record the Court concludes the ALJ erred at Step Five when she found Plaintiff can perform jobs that exist in significant numbers in the national economy.

**II. The Court remands this matter for the immediate calculation and award of benefits.**

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). When "the record has been fully developed and further administrative proceedings would serve no useful

purpose, the district court should remand for an immediate award of benefits." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

The decision whether to remand this case for further proceedings or for the payment of benefits is a decision within the discretion of the court. *Harman*, 211 F.3d 1178.

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings. *Id.* at 1179. The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman*, 211 F.3d at 1178. The Court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting . . . evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.2.

The Court has determined the ALJ erred at Step Five when she

14- OPINION AND ORDER

found Plaintiff can perform jobs that exist in significant numbers in the national economy. At the hearing the VE stated the only light job that satisfied the requirements of the hypothetical posed by the ALJ was that of a laundromat manager.

Thus, there are not any outstanding issues that must be resolved before a determination of disability can be made. The Court, therefore, concludes this matter should not be remanded for further proceedings. *See Schneider v. Comm'r*, 223 F.3d 968 (9th Cir. 2000). *See also Reddick*, 157 F.3d at 729 ("We do not remand this case for further proceedings because it is clear from the administrative record that Claimant is entitled to benefits."); *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989)(if remand for further proceedings would only delay the receipt of benefits, judgment for the claimant is appropriate).

Accordingly, the Court remands this matter for the immediate calculation and award of benefits to Plaintiff.[3]

### CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of

---

[3] Because the Court has determined this matter should be remanded for the immediate calculation and award of benefits due to the Commissioner's error at Step Five, the Court does not address the ALJ's other alleged errors.

15- OPINION AND ORDER

42 U.S.C. § 405(g) for the immediate calculation and award of benefits.

IT IS SO ORDERED.

DATED this 3rd day of October, 2018.

/s/ Anna J. Brown

ANNA J. BROWN
United States Senior District Judge